21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kelvin HOUSTON, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 93-15732.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1994.*
Decided April 25, 1994.
 
 Before: GOODWIN, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant argues that the district court improperly denied his habeas petition when it rejected his arguments that there was insufficient evidence, that his trial and appellate counsel were incompetent, and that he was improperly Mirandized. We affirm.
 
 
 3
 * There was sufficient evidence to convict appellant under Jackson v. Virginia, 443 U.S. 307, 319 (1979) ("after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). First, the rapist dropped his key in the victim's bedroom and that key fit appellant's door. Second, the victim's jewelry was discovered in the appellant's closet. Third, appellant's girlfriend testified that the appellant told her he had acquired sellable gold-colored silverware and that petitioner requested that she lie to the police and provide him an alibi. Viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found that the appellant was the rapist.
 
 II
 
 4
 Appellant's trial counsel was not ineffective. Counsel's decision not to call Williams as a witness and his efforts to exclude Williams' confession were reasonable because neither Williams nor his purported confession was credible. See United States v. Claiborne, 870 F.2d 1463, 1468-69 (9th Cir.1989). An evidentiary hearing is not necessary because the circumstances surrounding the "confession" are not disputed. See Reiger v. Christensen, 789 F.2d 1425, 1429 (9th Cir.1986).
 
 III
 
 5
 Appellant's appellate counsel was not ineffective because three of the issues had been waived. See Morrison v. Estelle, 981 F.2d 425, 429 (9th Cir.1992). The evidence shows that there was probable cause to arrest Houston because of either indecent exposure or based on the prowling report. On the Miranda issue, Sanchez' testimony was unrefuted at trial, and the trial court found that Houston knowingly waived his Miranda rights. Therefore, appellate counsel was not ineffective. See People v. Kelly, 51 Cal.3d 931, 947 (1990).
 
 IV
 
 6
 Appellant claims that he was not properly Mirandized. The state trial court made a factual finding that appellant was Mirandized twice by Officer Sanchez. This factual finding is presumed to be correct. 28 U.S.C. Sec. 2254(d); see Sumner v. Mata, 449 U.S. 539, 546-47 (1981). Appellant cites no facts to overcome the presumption of correctness embodied by 28 U.S.C. Sec. 2254(d).
 
 V
 
 7
 There was sufficient evidence to support appellant's conviction. The conduct of both trial and appellate counsel was reasonable and did not prejudice appellant's defense. Appellant presents no facts to impugn the state trial court's factual finding that appellant was Mirandized.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3